**UNITED STATES of America, Plaintiff,**

**v.**

**Gilbert L. DOWDY, et al., Defendants.**

**No. 90–00026–01, 11–CR–W–8.**

United States District Court,
W.D. Missouri, W.D.

June 14, 1990.

Linda L. Parker, Kenneth E. Weinfurt, Kansas City, Mo., for U.S.

Carol Coe, Kansas City, Mo., for Gilbert Dowdy.

Sylvester James, Jr., Kansas City, Mo., for Samuel Dowdy.

Lawrence H. Pelofsky, Overland Park, Kan., for Steven Baker.

C. Brooks Wood, Daniel P. Wheeler, Kansas City, Mo., for Ocie Baker.

Donald L. Williams, Kansas City, Mo., for Vicky Nixon.

R.J. Campbell, Kansas City, Mo., for Sheri Ellison.

Robert G. Duncan, Kansas City, Mo., for Robert Turner.

Bruce W. Simon, Kansas City, Mo., for Rodney Miller.

Willis L. Toney, Kansas City, Mo., for Cassandra Miller.

## ORDER

STEVENS, District Judge.

On June 5, 1990 this court held a conference to discuss the parameters of a hearing scheduled for August 14, 1990 at which the court plans to take the proffered testimony of defendant Gilbert Dowdy. Defendants Samuel Dowdy, Vicky Nixon, and Sheri Ellison seek to offer this testimony in support of their motions for severance. They argue that their codefendant will provide exculpatory information as to some or all of the counts in the indictment in which they are charged. After the conference the court issued an order stating that the question of Gilbert Dowdy's immunity from prosecution on any of the issues to which he may testify at the August 14 hearing would be addressed at a later date. This order details the court's decision on the issue.

The court has carefully considered the issues raised by counsel at the June 5 conference and concludes that while Gilbert Dowdy may receive immunity for any statements he makes at the August 14, 1990 *in camera* hearing, no immunity will be allowed for testimony he might provide at trial. Although the court's research revealed no Eighth Circuit cases on point, this result is consistent with the case law of other circuits that have addressed the issue. *See e.g., United States v. Ford,* 870 F.2d 729, 731 (D.C.Cir.1989); *United States v. Espinosa,* 771 F.2d 1382, 1409 (10th Cir.), *cert. denied, sub nom., Foreman v. United States,* 474 U.S. 1023, 106 S.Ct. 579, 88 L.Ed.2d 561 (1985); *United States v. Bari,* 750 F.2d 1169 (2d Cir.1984), *cert. denied, sub nom., Benfield v. United States,* 472 U.S. 1019, 105 S.Ct. 3482, 87 L.Ed.2d 617 (1985); *United States v. Spoone,* 741 F.2d 680, 688 (4th Cir.1984), *cert. denied, sub nom., Bates v. United States,* 469 U.S. 1162, 105 S.Ct. 917, 83 L.Ed.2d 929 (1985); *United States v. Haro–Espinosa,* 619 F.2d 789, 793 (9th Cir. 1979).

In each of the above cases the codefendant offering the exculpatory evidence conditioned the offer either on being tried first or on receiving a guarantee that the testimony would not be used against him at his own later trial. The courts of appeal have unanimously rejected this approach, finding that "a conditional offer to testify [is] 'in effect a simple alibi-swapping device.' " *Espinosa,* 771 F.2d at 1409. As a result, the appellate courts have held that a district court does not abuse its discretion "in denying a codefendant's motion for severance when based upon a codefendant's *conditional offer* to exculpate his fellow codefendants if he is tried first.... To rule otherwise would allow codefendants to employ a motion for severance to obtain benefits that they would not have but for their joint indictment." *United States v. Becker,* 585 F.2d 703, 706 (4th Cir.1978), *cert. denied,* 439 U.S. 1080, 99 S.Ct. 862, 59 L.Ed.2d 50 (1979) (emphasis in original) (citations omitted). *See also Ford,* 870 F.2d at 731 (motion to sever may not be used

"as a mechanism for alleged co-conspirators to control the order in which they are tried") (quoting *United States v. Blanco,* 844 F.2d 344, 353 (6th Cir.), *cert. denied,* 486 U.S. 1046, 108 S.Ct. 2042, 100 L.Ed.2d 626 (1988)).

Although this court does not yet know whether Gilbert Dowdy will condition his testimony on the order of the trials, his codefendants are forewarned that their motions to sever will be denied if Dowdy imposes such a condition on his testimony since "[s]uch testimony would be of doubtful weight or probative value...." *Espinosa,* 771 F.2d at 1408–1409. *See also United States v. McConnell,* 749 F.2d 1441, 1445 (10th Cir.1984) (court will not grant motion to sever if testimony is conditioned on order of trial but will consider motion if no such condition is imposed).

Similarly, courts have consistently refused to grant severances where the codefendant is not likely to waive his or her privilege against self-incrimination at trial. *Bari,* 750 F.2d at 1177. The court understands a defendant's reluctance to waive this important constitutional right, but notes that the testimony of a defendant willing to take the stand only if offered immunity is less credible than that offered without such a promise. The credibility issue is a primary reason why courts have denied severance where the codefendant proffering the exculpatory testimony is unwilling to "waive the privilege against self-incrimination and testify at [the severed] trial unless he were first acquitted." *United States v. Standard Drywall Corp.,* 617 F.Supp. 1283, 1298 (E.D.N.Y.1985).

As the language from *Standard Drywall* makes clear, the self-incrimination issue is closely tied to the order of trial issue. Because this court concludes that both conditions implicate similar concerns over the credibility and sincerity of a proffer, the court will consider defendants' motions to sever only if Gilbert Dowdy is willing to offer the exculpatory evidence in the initial trial, without a grant of immunity.[1] At the *in camera* hearing on August 14 the court will specifically ask Dowdy questions, under oath, to ascertain his will-

---

1. Of course, the court will not sever the trials

unless it finds that the testimony offered under

ingness to comply with these conditions. The court will allow only defendant Gilbert Dowdy and his attorney to be present for this portion of the testimony. If Dowdy agrees to offer the testimony at the first trial, thereby waiving his self-incrimination privilege, the court will allow the hearing to proceed as described in the June 5, 1990 order, except that the government's attorney will not be allowed to be present during the testimony. Rather, she will be given the opportunity after the court has taken the *in camera* testimony to make a proffer, also *in camera,* of the testimony she intends to present as impeachment or to establish Gilbert Dowdy's lack of credibility. The court believes that this approach best protects the rights of each individual defendant.

Of course, if Gilbert Dowdy decides prior to August 14, 1990 that he is unwilling to offer his testimony under the terms noted in this order his attorney should notify both his codefendants' attorneys and the court so that appropriate action may be taken.[2] Accordingly, it is

ORDERED that all exculpatory evidence testimony be proffered under the terms stated in this order.

See also 729 F.Supp. 677.

---

these conditions is truly exculpatory and that its impact would not be destroyed by impeachment.

**2.** The court understands that the codefendants may desire a hearing for the limited purpose of making a record as to Dowdy's refusal to comply with these conditions.